UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES A. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV496 HEA |
| ) | |
| BARBARA SIVERTS, R.N., ) | |
| COHN-SC/CM, DAVID S. ) | |
| RASKAS, M.D., and ANDREW ) | |
| WAYNE, M.D., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant David S. Raskas' Motion to Dismiss, [#9], Defendant Andrew M. Wayne's Motion to Dismiss. [#15], and Defendant Barbara Siverts' Motion to Dismiss, [#20]. Plaintiff has responded to Defendants' motions. For the reasons set forth below, Defendants' motions will be granted.

**Facts and Background**

Plaintiff's Complaint alleges that the above-named Defendants, Barbara Siverts, R.N., David Raskas, M.D., and Andrew Wayne, M.D., compromised Plaintiff's healthcare and that his healthcare was "dictated by a government authority." Plaintiff, a lock and dam operator for the United States Corp of Engineers, sought healthcare with Dr. Raskas for a job-related injury. Plaintiff contends Dr. Raskas was influenced

and/or manipulated by Nurse Siverts in his medical treatment of Plaintiff, because Siverts insisted that Plaintiff be denied additional steroid injections and released. Plaintiff sought a second opinion from Dr. Wayne, who was also allegedly influenced by Nurse Siverts to deny Plaintiff the proper healthcare for his injuries. Plaintiff contends that if Drs. Raskas and Wayne had properly treated Plaintiff for his injury, instead of returning him to work as recommended by Nurse Siverts, he would not still be under the care of a physician for his back problems.

Defendants now move to dismiss this cause of action, claiming this Court lacks jurisdiction over the subject matter pursuant to 28 U.S.C. § 1345 and the Federal Employees Compensation Act, 5 U.S.C. § 8101, *et seq.*

**Standard of Review**

A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true, but the motion must be granted if the plaintiff has failed to allege a necessary element supporting jurisdiction. *Id.* A court confronted with a factual challenge must weigh the conflicting evidence concerning jurisdiction, without presuming the truthfulness of the plaintiff's allegations. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1946); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

**Discussion**

Defendants argue that this Court lacks subject matter jurisdiction in this cause of action, because Plaintiff cannot show he is a United States agency or officer expressly authorized to sue by act of Congress pursuant to 28 U.S.C. § 1345. Plaintiff, however, does not contend that he is an agency of the United States and such a contention cannot be presumed from the claims alleged in Plaintiff's Complaint. As such, § 1345 does not apply here.

Defendants also argue that the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.*, provides an exclusive and comprehensive program of workers' compensation for government employees injured in work-related accidents. This is correct. Under FECA., an employee may receive compensation for injuries received while in the performance of duty, i.e., arising out of and in the course of his employment. 5 U.S.C. § 8102(a). FECA provides the exclusive remedy against the federal government for federal employees injured at work. 5 U.S.C. § 8116(c).

The Court presumes that Plaintiff is a federal employee and that he was, in fact, injured while in the performance of his duties as a lock and dam operator for the United States Corp of Engineers. Therefore, for FECA purposes, Plaintiff is barred from bringing suit against his healthcare providers to recover for the injury he suffered at work.

To grant Plaintiff leave to amend his Complaint would not cure the defects of his claim. Even if the United States were substituted in place of the named Defendants, FECA would still bar a Federal Tort Claims Act suit by Plaintiff to recover for the injury he suffered at work. 28 U.S.C. § 1346(b); 28 U.S.C. § 2674; and 5 U.S.C. § 8101, *et seq.; see also United States v. Gilman,* 347 U.S. 507, 509 (1954) (United States is the only proper defendant in an action brought under the Federal Tort Claims Act). Although Plaintiff is not suing for the injury he suffered at work, but for a medical malpractice arising out of the injury, this is a distinction without a difference. *See Lance v. United States,* 70 F.3d 1093, 1095 (9th Cir. 1995).

Congress enacted FECA to give federal employees smaller but more certain and less costly recoveries in exchange for the right to sue the government in tort. *Id.* (*citing Lockheed Aircraft Corp. v United States,* 460 U.S. 190, 194 (1983)). A plaintiff's right to recover for an injury generally includes the right to recover for medical malpractice arising out of the injury. *Id. (citing* Restatement (Second) of Torts § 457 (1965)). "Therefore, when Congress gave federal employees the right to recover for an injury under FECA, it took away their right to sue the government in tort for medical malpractice arising out of the injury as well as for the injury itself." *Id.* (*citing McCall v. United States,* 901 F.2d 548, 550-51 (6th Cir. 1990).

Because Plaintiff brings this suit for injuries he suffered in the performance of his duties as a federal employee and/or for the injuries suffered as a result of the

healthcare provided thereafter, FECA is the exclusive remedy for Plaintiff's claim. As such, this Court lacks jurisdiction over the subject matter in this cause of action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc. Nos. 9, 15 and 20], are granted;

Dated this 9th day of August, 2005.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE